DANIEL M. GLUCK          #7959
LOIS K. PERRIN           #8065
LAURIE A. TEMPLE         #8716
ACLU OF HAWAII FOUNDATION
P.O. Box 3410
Honolulu, HI 96801
Telephone:  (808) 522-5908
Facsimile:  (808) 522-5909
dgluck@acluhawaii.org
lperrin@acluhawaii.org
lt@acluhawaii.org

Attorneys for *Amicus Curiae*
American Civil Liberties Union of Hawaii Foundation

IN THE UNITED STATES DISTRICT COURT

OF THE STATE OF HAWAII

| | |
|---|---|
| MITCHELL KAHLE and KEVIN HUGHES,<br><br>          Plaintiffs,<br><br>  v.<br><br>BIENVENIDO VILLAFLOR (in his individual and official capacities); DOYLES ARAKAKI (in his individual and official capacities); FREDDIE CARABBACAN (in his individual and official capacities); DANIEL KWON (in his individual and official capacities); RAYMOND A. SCHWARTZ (in his individual and official capacities); BETTY MURAKI (in her individual and official capacities); DARYL NAAUAO (in his individual and official capacities); JAYSON M. WATTS (in his individual and official capacities); PAUL REID (in his individual and personal capacities); | CIVIL NO. 10-00764 LEK-KSC<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* ACLU OF HAWAII FOUNDATION IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS FILED SEPTEMBER 21, 2011; MEMORANDUM IN SUPPORT OF MOTION; PROPOSED BRIEF OF *AMICUS CURIAE* ACLU OF HAWAII FOUNDATION; DECLARATION OF DANIEL M. GLUCK AND EXS. "A" AND "B"; CERTIFICATE OF SERVICE** |

REID OGATA (in his individual and
personal capacities); STATE OF
HAWAII; JOHN DOES 1-10; AND
JANE DOES 1-10,

                Defendants.

## MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* ACLU OF HAWAII FOUNDATION IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS FILED SEPTEMBER 21, 2011

The American Civil Liberties Union of Hawaii Foundation ("ACLU of Hawaii"), by and through its attorneys, hereby moves this Court for leave to appear as *amicus curiae* and to file a brief in support of Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings filed September 21, 2011.

This Motion is based upon the attached memorandum and is submitted in the interests of justice for the benefit of the Court.

2

DATED:  Honolulu, Hawaii, December 28, 2011.

Respectfully submitted,

/s/ Daniel M. Gluck
DANIEL M. GLUCK

DANIEL M. GLUCK
LOIS K. PERRIN
LAURIE A. TEMPLE
ACLU OF HAWAII FOUNDATION

Attorneys for *Amicus Curiae*
American Civil Liberties Union of Hawaii
Foundation

3

IN THE UNITED STATES DISTRICT COURT

OF THE STATE OF HAWAII

| | |
|---|---|
| MITCHELL KAHLE and KEVIN HUGHES,<br><br>      Plaintiffs,<br><br> v.<br><br>BIENVENIDO VILLAFLOR (in his individual and official capacities); DOYLES ARAKAKI (in his individual and official capacities); FREDDIE CARABBACAN (in his individual and official capacities); DANIEL KWON (in his individual and official capacities); RAYMOND A. SCHWARTZ (in his individual and official capacities); BETTY MURAKI (in her individual and official capacities); DARYL NAAUAO (in his individual and official capacities); JAYSON M. WATTS (in his individual and official capacities); PAUL REID (in his individual and personal capacities); REID OGATA (in his individual and personal capacities); STATE OF HAWAII; JOHN DOES 1-10; AND JANE DOES 1-10,<br><br>      Defendants. | CIVIL NO. 10-00764 LEK-KSC<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* ACLU OF HAWAII FOUNDATION** |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* ACLU OF HAWAII FOUNDATION**

The American Civil Liberties Union ("ACLU") is a nationwide, nonprofit, nonpartisan organization with nearly 500,000 members dedicated to the principles

of liberty and equality embodied in the Bill of Rights and the nation's civil rights

laws.  The American Civil Liberties Union of Hawaii Foundation ("ACLU of

Hawaii"), the state affiliate of the ACLU, has over 2,000 members in the State of

Hawaii and is similarly dedicated to defending and protecting civil rights and civil

liberties.

First Amendment rights – including the right to videotape law enforcement

officers, at issue in the instant case – strike at the core of the ACLU of Hawaii's

mission and, therefore, the ACLU of Hawaii and its members have a vested

organizational interest in the outcome of this case.  The ACLU of Hawaii routinely

advocates on behalf of individuals' First Amendment rights:  in the past two years

alone, the ACLU of Hawaii represented two individuals who were wrongfully

cited by police (and charged criminally) for failing to obtain a permit for a two-

person demonstration on a public sidewalk; a public high school coach who was

threatened with being fired for exercising his First Amendment rights in speaking

out against gender discrimination; and a physician threatened by state officials for

exercising his First Amendment rights in speaking to patients about the use of

medical marijuana.  In advance of the November 2011 APEC (Asia Pacific

Economic Cooperation) Conference, the ACLU created a First Amendment

Toolkit, a comprehensive overview of the rules regarding the right to protest on

Oahu; this Toolkit included information on the right to videotape law enforcement – the subject of the proposed *amicus* brief.  In preparation for APEC – a National Security Event – the ACLU of Hawaii worked diligently to develop and maintain relationships with various government entities to ensure that protesters' First Amendment rights were respected.

In the instant case, the ACLU of Hawaii wishes to appear as *amicus* as to Plaintiff Hughes' First Amendment right to videotape law enforcement officers. This issue is particularly important to the ACLU of Hawaii's mission:  in October 2011, the ACLU of Hawaii gave a one-hour presentation (recorded and broadcast on 'Olelo) on individuals' rights to videotape law enforcement officers, and the ACLU of Hawaii has received complaints within the last year from Oahu, Maui, and the Big Island regarding law enforcement officers' interference with individuals' right to film.  Consequently, the outcome of Defendants' Motion has implications far beyond the violations in the instant case.  The ACLU of Hawaii believes that its brief will provide the Court with a more in-depth analysis of the First Amendment right to record the actions of law enforcement officials, as well as additional factual background on similar First Amendment violations that have occurred in Hawaii within the last year.  Accordingly, the ACLU of Hawaii

respectfully requests that the Court grant the Motion and issue an order allowing

the filing of the *amicus* brief.

DATED:  Honolulu, Hawaii, December 28, 2011.

Respectfully submitted,

/s/ Daniel M. Gluck
DANIEL M. GLUCK

DANIEL M. GLUCK
LOIS K. PERRIN
LAURIE A. TEMPLE
ACLU OF HAWAII FOUNDATION

Attorneys for *Amicus Curiae*
American Civil Liberties Union of Hawaii
Foundation

4

DANIEL M. GLUCK      #7959
LOIS K. PERRIN        #8065
LAURIE A. TEMPLE     #8716
ACLU OF HAWAII FOUNDATION
P.O. Box 3410
Honolulu, HI 96801
Telephone:  (808) 522-5908
Facsimile:  (808) 522-5909
dgluck@acluhawaii.org
lperrin@acluhawaii.org
lt@acluhawaii.org

Attorneys for *Amicus Curiae*
American Civil Liberties Union Of Hawaii Foundation

## IN THE UNITED STATES DISTRICT COURT

## OF THE STATE OF HAWAII

| | |
|---|---|
| MITCHELL KAHLE and KEVIN HUGHES,<br><br>               Plaintiffs,<br><br>  v.<br><br>BIENVENIDO VILLAFLOR (in his individual and official capacities); DOYLES ARAKAKI (in his individual and official capacities); FREDDIE CARABBACAN (in his individual and official capacities); DANIEL KWON (in his individual and official capacities); RAYMOND A. SCHWARTZ (in his individual and official capacities); BETTY MURAKI (in her individual and official capacities); DARYL NAAUAO (in his individual and official capacities); | CIVIL NO. 10-00764 LEK-KSC<br><br>**BRIEF OF *AMICUS CURIAE* ACLU OF HAWAII FOUNDATION IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS FILED SEPTEMBER 21, 2011; DECLARATION OF DANIEL M. GLUCK; EXHIBITS "A" AND "B"**<br><br><u>**Hearing on Defendants' Motion:**</u><br>DATE:  January 17, 2012<br>TIME:    9:45 a.m.<br>JUDGE:  Hon. Leslie E. Kobayashi |

JAYSON M. WATTS (in his individual
and official capacities); PAUL REID (in
his individual and personal capacities);
REID OGATA (in his individual and
personal capacities); STATE OF
HAWAII; JOHN DOES 1-10; AND
JANE DOES 1-10,

                    Defendants.

---

**BRIEF OF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS FILED SEPTEMBER 21, 2011**

## I.    INTRODUCTION

On April 29, 2010, Plaintiff Hughes had a clearly established First

Amendment right to videotape law enforcement officials.  Defendants violated that

right by interfering with Hughes' right to videotape and by assaulting him (and

damaging his camera).  Defendants' Motion for Judgment on the Pleadings

(hereinafter, Defendants' Motion) does not address this First Amendment claim at

all; instead, Defendants' Motion lumps all of the Plaintiffs' First Amendment

claims together – even the imagined claims of Plaintiff Kahle's wife, Holly Huber,

who is not even a party to the instant case.  *See* Memorandum in Support of

Defendants' Motion at 6.

Even if Defendants' Motion were construed to address Plaintiff Hughes'

First Amendment claim for videotaping, Defendants' Motion would fail:  the Ninth

Circuit acknowledged, long before the case at bar, that there is a "First Amendment right to film matters of public interest." *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995). The instant memorandum discusses the First Amendment right to record law enforcement officers' actions, as well as the emerging, disturbing trend, both here in Hawaii and nationwide, of law enforcement officers interfering with this First Amendment right – a trend that, unfortunately, may increase with the proliferation of video-capable cell phones.

## II.    ARGUMENT

### A.    Defendants' Motion Does Not Address Plaintiff Hughes' First Amendment Claim.

Defendants' Motion does not address Plaintiff Hughes' claim that Defendants[1] interfered with his First Amendment right to videotape law enforcement officials.[2] Defendants assert that the entirety of Plaintiffs' First Amendment argument is based on Plaintiff Kahle and Ms. Huber's speech inside

---

[1] Given the number of defendants and the number of claims – and given the narrow focus of the instant memorandum – *amicus* will simply refer to the various state officials/entities collectively as "Defendants."

[2] In assaulting Plaintiff Hughes, Defendants also violated Hughes' rights in numerous other ways (including, but not limited to, his Fourth Amendment right to be free from unreasonable seizures and his corresponding rights under the Hawaii Constitution). The instant memorandum focuses only on the First Amendment implications of Defendants' actions on Hughes (though this analysis may impact Kahle's First Amendment claims to the extent Defendants' actions also interfered with Kahle's right to record law enforcement officers).

the Legislature on April 29, 2010. Memorandum in Support of Defendants'

Motion at 6. Defendants state only that Plaintiff Kahle "did not have a protected

right of free speech," *id*. at 14, but Defendants do not advance any arguments with

respect to the violation of Plaintiff Hughes' First Amendment right to record law

enforcement officials. *See* Plaintiffs' First Amended Complaint (hereinafter,

"FAC") ¶¶56, 60, 65-73. As discussed *infra*, however, even if Defendants had

addressed this argument, Defendants would not be entitled to judgment on the

pleadings (or summary judgment) as to this claim.

### B. Plaintiff Hughes Had A First Amendment Right To Film Law Enforcement Officials In Public.

The Ninth Circuit Court of Appeals has acknowledged that there is a "First

Amendment right to film matters of public interest." *Fordyce v. City of Seattle*, 55

F.3d 436, 439 (9th Cir. 1995). In *Fordyce*, the plaintiff was filming a public

protest when law enforcement officials arrested him for violation of a state

wiretapping statute. *Id*. at 438. The court noted the lack of a prior explicit ruling

on this issue and remanded to determine if the defendant had interfered with the

plaintiff's First Amendment right to gather news. *Id*. at 442. In so holding, the

Court impliedly ruled that such a right was already clearly established, such that

qualified immunity was not available. *See id.* at 439 (holding that "a genuine issue

of material fact does exist regarding whether [plaintiff] was assaulted and battered

4

by a Seattle police officer in an attempt to prevent or dissuade him from exercising his First Amendment right to film matters of public interest"). *See also Cuviello v. City of Oakland*, C 06-05517, 2007 WL 2349325 (N.D. Cal. Aug. 15, 2007) (citing *Fordyce* for the proposition that filming a matter of public interest "constitutes free speech under the First Amendment," though ultimately basing its ruling on the California Constitution pursuant to the constitutional avoidance doctrine). In Hawaii, within the last year alone, both the Honolulu and Hawaii County Police Departments have expressly recognized the right to film in public. *See* Section D, *infra* (pp. 9-13).

In a decision in August 2011, the First Circuit Court of Appeals considered *Fordyce* and concurred with the result: while the right to film "may be subject to reasonable time, place, and manner restrictions . . . peaceful recording of an arrest in a public space that does not interfere with the police officers' performance of their duties is not reasonably subject to limitation." *Glik v. Cunniffe*, 655 F.3d 78, 84 (1st Cir. 2011). In *Glik*, the plaintiff was arrested pursuant to a Massachusetts wiretapping statute for recording several police officers' arrest of another individual.[3] As the First Circuit explained, citing to *Fordyce* and other Circuit

---

[3] Massachusetts' wiretapping statute is broader than Hawaii's (and most other jurisdictions' statutes) and is not restricted to recordings that are made with a reasonable expectation of privacy. The court in *Glik*, however, found that because the plaintiff had been recording openly, there was no violation of the wiretapping statute. *See Glik*, at 655 F.3d at 86.

5

Courts, "though not unqualified, a citizen's right to film government officials,
including law enforcement officers, in the discharge of their duties in a public
space is a basic, vital, and well-established liberty safeguarded by the First
Amendment." *Id*. at 85.

Multiple other courts have concluded that individuals have a First
Amendment right to film and that this right is clearly established. *See*, *e.g.*, *Smith
v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000) ("The First Amendment
protects the right to gather information about what public officials do on public
property, and specifically, a right to record matters of public interest."), *cert.
denied*, 531 U.S. 978; *Schnell v. City of Chicago*, 407 F.2d 1084, 1085 (7th Cir.
1969) (holding that the plaintiffs' request for an injunction to protect their
"'constitutional right to gather and report news and to photograph events'" stated a
claim under § 1983), *overruled on other grounds by City of Kenosha v. Bruno,* 412
U.S. 507 (1973). *See also Glik*, 655 F.3d at 83 (collecting cases). To counsel's
knowledge, the only Circuit Court decision granting qualified immunity on this
type of First Amendment claim is *Kelly v. Borough of Carlisle*, 622 F.3d 248, 260
(3rd Cir. 2010) (concluding that any First Amendment right to film law
enforcement officers during a traffic stop was not clearly established).[4]

---

[4] Pursuant to *Pearson v. Callahan,* 555 U.S. 223 (2009), the *Kelly* court did not
decide whether the plaintiff did, in fact, have such a First Amendment right, but
decided the case on the basis that such a right was not clearly established. In so

These rulings, of course, comport with long-standing Supreme Court proclamations on the scope of the First Amendment. *See Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 50, (1988) ("At the heart of the First Amendment is the recognition of the fundamental importance of the free flow of ideas and opinions on matters of public interest and concern."); *First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 783 (1978) ("[T]he First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw."); *Garrison v. State of La.*, 379 U.S. 64, 77 (1964) (holding that there is a "paramount public interest in a free flow of information to the people concerning public officials, their servants").

In sum, recording matters of public interest – including the actions of law enforcement officials – is a right guaranteed by the First Amendment, and one that is clearly established within the Ninth Circuit. As such, Defendants' Motion ought to be rejected outright.

---

ruling, however, the *Kelly* court placed great emphasis on the fact that plaintiff's videotaping incident occurred during a traffic stop (which the court declared to be an "inherently dangerous situation[]"). *Kelly*, 622 F.3d at 262. In contrast, in the instant case, Hughes' First Amendment claim arose outdoors at the Hawaii State Capitol, a public forum *See Glik*, 655 F.3d at 84 ("Glik filmed the defendant police officers in the Boston Common, the oldest city park in the United States and the apotheosis of a public forum. In such traditional public spaces, the rights of the state to limit the exercise of First Amendment activity are "sharply circumscribed." (quoting *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983))).

### C.   Defendants Violated Plaintiff Hughes' First Amendment Right to Videotape.

As alleged in the First Amended Complaint (hereinafter, FAC), Plaintiff Hughes was attacked by several of the Defendants while recording Plaintiff Kahle after Kahle had been ejected from the Senate Chambers.  FAC ¶¶29, 45, 58-60, 66-70.  Again, to be clear:  at the time Hughes was assaulted, he was *outside* of the Senate Chamber, in the rotunda area open to the public; he had every right to be present in the rotunda area and to film there.  Defendant Villafor approached Hughes and, without warning, punched Hughes' video camera and proceeded to say, "Stop it [recording]!"  FAC ¶¶59, 60.  Villaflor then said, "Get that camera."  FAC ¶65.  Defendants Watts, Arakaki, Reid, and others then surrounded and attacked Hughes, preventing Hughes from further recording the incident.  *Id.* ¶¶66-70.  Hughes sustained injuries to both his person and video camera as a direct result of Defendants' actions.  *Id.* ¶67.  There is no evidence to suggest that Hughes was interfering with any law enforcement activity or that he was in violation of any laws when the attack occurred; indeed, no charges were filed against Hughes.

Hughes has demonstrated that his First Amendment rights were violated.  As the Ninth Circuit has explained:

> In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that by his actions the defendant

8

> deterred or chilled the plaintiff's political speech and such deterrence
> was a substantial or motivating factor in the defendant's conduct. . . .
> [T]he proper inquiry asks whether an official's acts would chill or
> silence a person of ordinary firmness from future First Amendment
> activities.

*Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999)

(citations, brackets, and internal quotation signals omitted from original).  Again,

in the instant case, Defendant Villaflor punched Hughes' camera, and then said,

"Get that camera" – after which various state officials tackled Hughes to the

ground.  Defendant Villaflor's motivation is explicit – to put an end to Hughes'

filming.  There is no question that an ordinary person would be deterred from

repeating this conduct after being punched and tackled (and having to go to the

Emergency Room as a result, FAC ¶91).

For the foregoing reasons, *amicus* respectfully requests that the Court deny

Defendants' Motion.

**D.   Defendants' Actions Are Part Of A Disturbing Trend Of Similar
First Amendment Violations Statewide and Nationwide.**

In Hawaii, in the last year alone, there have been three separate instances of

individuals being assaulted and/or harassed – and having their cameras damaged or

destroyed – by law enforcement officers.  The ACLU of Hawaii is concerned that,

with the proliferation of cell-phone cameras and small video-cameras, these

incidents will become more common (notwithstanding the clarity of the law in the

Ninth Circuit).

On April 12, 2011, Tommy Russo (a publisher of MauiTime.com) was

speaking with Maui Police Department Officer Nelson Johnson.[5]  Mr. Russo was

filming his conversation with Officer Johnson when Officer Johnson hit Mr.

Russo's camera.  The video continues, and Officer Johnson can be seen and heard

stating the following:  "I don't want to be filmed.  And if I don't want to be filmed,

I don't have to be filmed. . . . You cannot film me without my consent.  You

cannot use my image without my consent."[6]  These statements have no basis in

law.

On August 6, 2011, blogger Damon Tucker ("Tucker") had a similar

encounter with Hawaii County Police Department officers.[7]  Tucker claims that he

---

[5] According to Mr. Russo, he called the Maui Police Department after being
punched – and having his camera thrown to the ground – by members of the
security team for Duane "Dog the Bounty Hunter" Chapman.  Tommy Russo,
MauiTime Publisher Tommy Russo Assaulted By MPD, MAUITIME.COM (April
13, 2011), http://www.mauitime.com/Articles-i-2011-04-14-75934.113117-Does-
Duane-Chapman-aka-Dog-The-Bounty-Hunter-Agree-It-Should-Be-Illegal-To-
Film-Police.html.

[6] *Id.*

[7] Damon Tucker, *Abused by the Big Island Police and Arrested for Taking Cell
Phone Pictures and Camera Photos*, HAWAII NEWS AND ISLAND INFORMATION
(Aug. 6, 2011), http://damontucker.com/2011/08/06/abused-by-the-big-island-
police-and-arrested-for-taking-cell-phone-pictures-and-camera-photos/.

was filming the officers' arrest of other individuals, when an officer slammed him to the ground and confiscated his camera/phone.[8]  Tucker was arrested for obstructing government operations, though charges were dropped shortly thereafter.[9]  According to the Big Island Chronicle, Assistant Police Chief Henry Tavares later stated that "the media and the public have every right to photograph police activity in a public place from a safe distance."[10]

In a third incident from December 2010, journalists had their camera damaged by a Honolulu Police Department ("HPD") officer after the journalists were pulled over near President Obama's vacation home.[11]  The journalists reported that HPD officers followed them after they left the area in an attempt to

---

[8] *Id.*

[9] *See* Declaration of Daniel M. Gluck, Exs. "A," "B" (count list and docket sheet from Mr. Tucker's criminal case); *see also* Damon Tucker, *Obstruction of Government Operation Charges Dismissed Against Me – Pictures Released From the Night I Got Arrested at Pahoa Village Cafe*, HAWAII NEWS AND ISLAND INFORMATION (Nov. 10, 2011),
http://damontucker.com/2011/11/10/obstruction-of-government-operation-charges-dismissed-against-me-pictures-released-from-the-night-i-got-arrested-at-pahoa-village-cafe/.

[10] Tiffany Edwards Hunt, *Hawaii News — Police Issue Statement On Tucker's Police Brutality Allegations*, BIG ISLAND CHRONICLE (Aug. 10, 2011),
http://www.bigislandchronicle.com/2011/08/10/hawaii-news-%E2%80%94-police-issue-statement-on-tuckers-police-brutality-allegations/.

[11] *See* Daryl Huff, *TV Crew Covering President Claims Mistreatment*, KITV (Dec. 30, 2010), http://www.kitv.com/news/26327764/detail.html.

comply with orders from the Secret Service to leave the private road on which the President was staying.[12]  After the journalists pulled into a gas station, an HPD officer approached the car and – seeing the video camera – said something to the effect of "put that camera off of me"; a moment later, the journalists recounted, an officer grabbed the camera and smashed it on the roof of the car.[13]  According to KITV's coverage of this event, the HPD Officer who damaged the camera seemed to recognize that his behavior was unlawful:  he provided the journalists with his name and badge number, along with information on how to complain to the Honolulu Police Commission.[14]  Darryl Huff, who reported the story for KITV, stated:  "Asked if it was legal for police officers to stop someone from videotaping an officer in a public place, the [police] department said citizens are allowed to video in public places."[15]

Far from being contained in Hawaii, interference with the First Amendment right to record law enforcement officials is a national problem.  The American Civil Liberties Union's website includes just a few examples from across the

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id. See also* John Temple, *Hawaii Public Has Right Record Police*, HONOLULU CIVIL BEAT (Aug. 23, 2011), http://www.civilbeat.com/posts/2011/08/23/12612-hawaii-public-has-right-to-record-police/.

country:  in May 2011, a woman in New York was unlawfully arrested for

videotaping a traffic stop in her front yard, and in June 2011, two journalists

recording a public meeting of the Washington DC Tax Commission were arrested;

one for taking a photograph of the meeting and the other for filming his fellow

journalist's arrest.[16]  In Maryland, the ACLU represented Anthony Graber who, in

March 2010, was subjected to an unlawful search and arrest after posting a video

on YouTube of a traffic stop; criminal charges for filming the officer were

dismissed, and the court concluded by stating:  "Those of us who are public

officials and are entrusted with the power of the state are ultimately accountable to

the public.  When we exercise that power in public fora, we should not expect our

actions to be shielded from public observation."[17]  The ACLU of Maryland has a

similar lawsuit pending against Baltimore police,[18] and last year, the ACLU of

---

[16] *See* Jay Stanley, *You Have Every Right to Photograph That Cop*, AMERICAN
CIVIL LIBERTIES UNION (Sept. 7, 2011), http://www.aclu.org/free-speech/you-have-every-right-photograph-cop.

[17] *State v. Graber*, Case No.12-K-10-647, Order Granting Defendant's Motion to
Dismiss Counts One, Two, Three, and Seven, (Harford County, MD Circuit Court
Sept. 27, 2010), p. 18, available at http://www.aclu-md.org/aPress/Press2010/Court_Opinion_092710.pdf; *see also* Meredith Curtis,
*ACLU Defends Rights of Citizens to Monitor Police by Representing Motorcyclist
Prosecuted by State Police* (May 28, 2010), http://www.aclu-md.org/aPress/Press2010/052810_Motorcyclist.html.

[18] *ACLU Sues Baltimore Police Over Man's Wrongful Detention,
Camera Seizure at Preakness* (Aug. 31, 2011), http://www.aclu-md.org/aPress/Press2011/083111_preakness.html.

Louisiana issued a report of fifteen events between 2005 and 2009 in which individuals were stopped (and sometimes arrested) for videotaping police.[19]

The above-mentioned cases are just a few examples of the many instances involving law enforcement officials' obstruction of First Amendment rights. Unfortunately, such occurrences are so common that there is an entire blog dedicated to documenting violations of First Amendment rights by law enforcement officials.[20] Given this disturbing nationwide trend of interference with individuals' First Amendment right to record public officials, *amicus* respectfully asks this Court to rule on this important, recurrent constitutional question.

## III.    CONCLUSION

Defendants' Motion fails to address Plaintiff Hughes' clearly established First Amendment right to record law enforcement officials in public.  Violations of this right are part of a disturbing trend both in Hawaii and throughout the nation,

---

[19] *ACLU Urges New Orleans Police Department To Conduct First Amendment Training* (June 8, 2010), http://www.aclu.org/free-speech/aclu-urges-new-orleans-police-department-conduct-first-amendment-training.  The ACLU of Louisiana's report is available at http://www.laaclu.org/PDF_documents/Observing_photographing_filming_NOPD.pdf (this hyperlink will not work from a PDF; to view, please copy and paste the entire link into your internet browser).

[20] Carlos Miller, PHOTOGRAPHY IS NOT A CRIME, http://www.pixiq.com/contributors/248.

and *amicus* respectfully requests that this Court deny Defendants' Motion as to this

claim.

DATED:  Honolulu, Hawaii, December 28, 2011.

Respectfully submitted,

/s/ Daniel M. Gluck
DANIEL M. GLUCK

DANIEL M. GLUCK
LOIS K. PERRIN
LAURIE A. TEMPLE
ACLU OF HAWAII FOUNDATION

Attorneys for *Amicus Curiae*
American Civil Liberties Union of Hawaii
Foundation

# IN THE UNITED STATES DISTRICT COURT

# OF THE STATE OF HAWAII

| | |
|---|---|
| MITCHELL KAHLE and KEVIN HUGHES,<br><br>    Plaintiffs,<br><br>  v.<br><br>BIENVENIDO VILLAFLOR (in his individual and official capacities); DOYLES ARAKAKI (in his individual and official capacities); FREDDIE CARABBACAN (in his individual and official capacities); DANIEL KWON (in his individual and official capacities); RAYMOND A. SCHWARTZ (in his individual and official capacities); BETTY MURAKI (in her individual and official capacities); DARYL NAAUAO (in his individual and official capacities); JAYSON M. WATTS (in his individual and official capacities); PAUL REID (in his individual and personal capacities); REID OGATA (in his individual and personal capacities); STATE OF HAWAII; JOHN DOES 1-10; AND JANE DOES 1-10,<br><br>    Defendants. | CIVIL NO. 10-00764 LEK-KSC<br><br>**DECLARATION OF DANIEL M. GLUCK** |

# DECLARATION OF DANIEL M. GLUCK

1.      I am an attorney with the American Civil Liberties Union of Hawaii Foundation, and I am duly licensed to practice before all of the Courts in the State of Hawaii.

2.      I make this Declaration based upon my personal knowledge and information, and I am competent to testify as to the matters set forth herein.

3.      Attached as Exhibit "A" hereto is a true copy of the count list in Damon Tucker's criminal case obtained from the State of Hawaii's online records system, Hoʻohiki, accessed on December 23, 2011.

4.      Attached as Exhibit "B" hereto is a true copy of Damon Tucker's docket sheet obtained from the State of Hawaiʻi online records system, Hoʻohiki, showing the entry of Criminal Count Detail, accessed on December 23, 2011.

I, DANIEL M. GLUCK, do declare under penalty of law that the foregoing is true and correct.

DATED:   Honolulu, Hawaiʻi, December 28, 2011.


/s/ Daniel M. Gluck_____
DANIEL M. GLUCK

Hawai'i State Judiciary: Ho'ohiki                    http://hoohiki1.courts.state.hi.us/jud/Hoohiki/JSAPM52F3.jsp;jsessionid...



EXHIBIT "A" TO DECLARATION OF DANIEL M. GLUCK

Hawai'i State Judiciary: Ho'ohiki                    http://hoohiki1.courts.state.hi.us/jud/Hoohiki/JSAPM52F5.jsp;jsessionid...



Print | Help | New Search | Exit

**Document List**

STATE OF HAWAII VS DAMON SHANE TUCKER                              3PC11-1-000314

| Seq. | Doc Type | Document Title | Date/Time | Filing Party |
|---|---|---|---|---|
| 0000001 | | COMMITTAL TO THE THIRD CIRCUIT COURT; COMPLAINT (CT 1: OBSTRUCTING GOVT OPER); DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE; APPLICATION FOR EXTENDED COVERAGE; ORDER ON APPLICATION FOR EXTENDED COVERAGE | 09/12/2011 08:21 | |
| 0000002 | | MOTION TO DISMISS; MEMORANDUM IN SUPPORT OF MOTION; AFFIDAVIT OF DAMON TUCKER; EXHIBITS A-C; NOTICE OF HEARING; CERTIFICATE OF SERVICE | 09/14/2011 11:58 | LEE LOY, GERARD DAMIAN |
| 0000003 | | COURT ORDER RE: ARRAIGNMENT AND PLEA AND SETTING CRIMINAL TRIAL SCHEDULE | 09/27/2011 14:01 | FILED BY COURT, COURT |
| 0000004 | | STATE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; CERTIFICATE OF SERVICE | 10/06/2011 16:10 | FRENZ, DAKOTA KOETHE MANARPAA |
| 0000005 | SDT | SUBPOENA DUCES TECUM (DET JOHN ANCHETA, HI POLICE DEPT - SERVED BY JEFFREY MEEK TO APPEAR 9:30 A.M. 10/14/11) (COMMENTS: REFUSED STATED HE HAD CONFLICTING COURT DATE) | 10/11/2011 10:45 | LEE LOY, GERARD DAMIAN |
| 0000006 | SDT | SUBPOENA DUCES TECUM (OFFICER JAMES WAIAMAU, HI POLICE DEPT - SERVED ON ANOTHER INDIVIDUAL BY JEFFREY MEEK TO APPEAR; 9:30 A.M. 10/14/11) (COMMENTS: OFFICER WAIAMAU ON VACATION) | 10/11/2011 10:45 | LEE LOY, GERARD DAMIAN |
| 0000007 | | ORDER FOR ATTORNEY TO APPEAR (NOA: 11/04/11 @ 10:00 AM IN CRTRM 3E) | 10/25/2011 09:30 | FILED BY COURT, COURT |
| 0000008 | | STIPULATION TO NOLLE PROSEQUI WITHOUT PREJUDICE; ORDER | 11/03/2011 10:01 | DAMERVILLE, RICKY R. |

<Previous | Next>    Page Number: 1 of 1

[Party List]  [Court List]  [Stat Recrd Info]  [Case Info.]

EXHIBIT "B" TO DECLARATION OF DANIEL M. GLUCK

IN THE UNITED STATES DISTRICT COURT

OF THE STATE OF HAWAII

| | |
|---|---|
| MITCHELL KAHLE and KEVIN HUGHES, | CIVIL NO. 10-00764 LEK-KSC |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| v. | |
| BIENVENIDO VILLAFLOR (in his individual and official capacities); DOYLES ARAKAKI (in his individual and official capacities); FREDDIE CARABBACAN (in his individual and official capacities) DANIEL KWON (in his individual and official capacities); RAYMOND A. SCHWARTZ (in his individual and official capacities); BETTY MURAKI (in her individual and official capacities); DARYL NAAUAO (in his individual and official capacities); JAYSON M. WATTS (in his individual and official capacities); PAUL REID (in his individual and personal capacities); REID OGATA (in his individual and personal capacities); STATE OF HAWAII; JOHN DOES 1-10; AND JANE DOES 1-10, | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the American Civil Liberties Union of Hawaii

Foundation's Motion For Leave To File Brief Of *Amicus Curiae* In Support of

Plaintiffs' Opposition to Defendants' Motion For Judgment on the Pleadings,

Memorandum In Support of Motion, and Proposed Brief of *Amicus Curiae*, along

with its accompanying declaration of counsel and Exhibits "A" and "B," will be

served upon the following persons electronically via CM/ECF:

JOHN M. CREGOR, JR., ESQ.
CARON M. INAGAKI
Deputy Attorney General
425 South King Street
Honolulu, Hawaii 96813

Attorney for State Defendants
STATE OF HAWAII, and
DOUGLAS ARAKAKI, RAYOMND
A. SCHWARTZ, BETTY MURAKI,
DARYL NAAUAO and JAYSON M.
WATTS, in their individual and
official capacities; and
BIENVENIDO VILLAFLOR,
FREDDIE CARABBACAN, and
DANIEL KWON, in their official
capacities only; and PAUL REID and
REID OGATA, in their personal
capacities only

MARK NOMURA
Deputy Attorney General
425 Queen Street
Honolulu, Hawaii 96813

Attorney for Defendant
DANIEL KWON, in his individual
capacity

HENRY S. KIM
Deputy Attorney General
425 Queen Street
Honolulu, Hawaii 96813

Attorney for Defendant
FREDDIE CARABBACAN, in his
individual capacity

DENNIS K. FERM
DEBORAH DAY EMERSON
Deputy Attorney General
425 Queen Street
Honolulu, Hawaii 96813

Attorneys for Defendant
BIENVENIDO VILLAFLOR, in his
individual capacity

JAMES J. BICKERTON
STEPHANIE L. MARN
745 Fort Street, Suite 801
Honolulu, Hawaii 96813
Telephone No. 599-3811

Attorneys for Plaintiffs
MITCHELL KAHLE and KEVIN
HUGHES

DATED: Honolulu, Hawaii, December 28, 2011.


/s/ Daniel M. Gluck
DANIEL M. GLUCK

DANIEL M. GLUCK
LOIS K. PERRIN
LAURIE A. TEMPLE
ACLU OF HAWAII FOUNDATION

Attorneys for *Amicus Curiae*
American Civil Liberties Union of Hawaii
Foundation